The next case up is Metaxas v. U.S. Case number is 23-7046. It looks like, Mr. Sample, you've reserved one minute for rebuttal. Is that right? No, no minutes for rebuttal. All right. All right, then we'll hear from you when you're ready. Good morning, Your Honors. Brandon Sample for the appellant, Bobby Metaxas. The district court erred in the framework in which it proceeded in considering the petition prohibitor formula that Mr. Metaxas filed. Specifically, we ask that the district court construe for petition the allegations therein using a plausibility standard that derived from the Ashcroft v. McFaul cases in deciding whether or not she had pled sufficiently her claims to relief. The district court, rather than looking through the limits of plausibility, decided the merits of the petition just on its face. Where did she plausibly allege that she had good reasons for not seeking relief sooner? In the petition, she argued that she had newly discovered evidence. More specifically, this is focused on wire transfers that were discovered after the habeas proceeding had already expired. Discovered when? Discovered after the original 2285 proceeding. Two weeks before this was filed? Two years before this was filed? It was several years before the formal notice was actually filed. Okay, so how is she plausibly alleged, applying the standard you would like, that she could not have brought this sooner? She could not have brought it sooner because the 2285 proceeding had already concluded at that point. And by the time that that process had already played out, she was done with supervision. And so she went and proceeded under a petition for writ of error, formal notice, at that time. I think if you look at some of the court's cases in terms of a diligence requirement, I believe in the Kovacs case, this court didn't impose a strict diligence requirement to bring the formal notice petition within a certain period of time. And I think that when you look at the expiration of the 2285 process, and when these allegations were presented in this instant petition, that there's not a crazy amount of time that passed that the court should consider unreasonable delay for purposes of bringing the petition. Quorum nobis is a civil proceeding, but it's more akin to habeas, isn't it? So why should it be so much easier to survive an initial dismissal motion in a quorum nobis than in a habeas proceeding? When you look at the cases, they do talk about it being a step in the criminal case, but they're also the cases that apply to civil rules in many different contexts in a quorum nobis sense. If you also look at 2255 as a corollary, the court there, district judges, have the ability to apply the rules that specifically apply to 2255, but in other contexts, say, for example, in light discovery, they're able to pick whether or not they wish to use the civil rules or the criminal rules. I think that it's not allowing someone to plead out of the plausibility standard is not necessarily giving them an advantage in comparison to what you would see in 2255, because under this court's precedence, when a 2255 movement makes an allegation, the court is to assume the truth of those allegations in that petition as well, unless they are conclusively refuted by the record. And here we pinpointed a specific issue of newly discovered evidence that is not conclusively refuted by the record, if we were to use that as an example. But you're certainly giving every criminal defendant the ability to take another bite at the apple, another habeas bite at the apple, after they're out of custody, right? This is true, but that is also by design as a result of the availability of the quorum nobis relief. Most of the quorum nobis cases that have come before this court have involved immigration situations where there was a change in the law about the advice that the defendant was required to receive from counsel, and sometimes it's many years after the fact that they were able to come and bring a quorum nobis petition. That type of change in the law that would allow a defendant to bring a quorum nobis should not be viewed differently than when a defendant discovers newly discovered evidence that directly goes to their thinking, their decision-making, about whether or not they would have entered that plea in the first instance. There may be no time limit for that, but you still need continuing legal consequences. What is your client suffering? Of course, reputational, I understand. It's a horrible thing to be convicted, but there has to be legal consequences. What's happening? The legal consequences here, the petitioner was the president of the bank. She's unable, as a matter of law, of working in the banking field again. It's in 12 U.S.C. 1829. The government has constituted that there is that liability, but the government has argued that, essentially, it can't be a theoretical job that you may want to work in the banking. You need to come forward with, I guess, in the government's view, an actual job offer. But our position is that this is an issue of pleading stage, right? That that's not necessary. Now, granted, there is a problem with the original petition because it did not adequately address the legal consequences part of this, but there was a request for legal to amend that was presented to the district court in order to specifically raise the statutory constraint that limits her ability to work in the banking field, and the district court never took up that request. But she had already, years earlier, said that she was essentially aged out, that she was in her mid-60s, in poor health, she was on disability, and she could never work in that area again. So how can that be the continuing legal consequence? This is not on the record, but unfortunately for her, her health situation has improved, and her ability to continue to work is there, and her mind is good and right, and she would like to be able to do that if she had the opportunity. But I don't think that those previous representations should preclude her from being able to make the instant allegation of continuing legal consequence because facts and circumstances do change over time. But there's nothing in the record to say that they've changed. I mean, I can congratulate her if she's feeling better, that's fine, but that's your say-so standing there. I'm not sure where in the record there's anything indicating that she is a remotely possible candidate for a senior job at a bank. She alleged that 10 years ago she was a rec. So that allegation is not there. It's only been part of the amendment itself because we've taken a position that at least at this initial pleading stage, which focuses on the plausibility standard, that we don't need to flesh it out more than just making the allegation about the continuing legal consequence. If the court takes into account the proposed amendment that was offered, that we believe that that should be sufficient at this initial pleading stage. We agree that ultimately on the merits that she would need to bring forth more proof on the legal consequence aspect of the test, but not at this initial stage where we are arguing that the framework in which the district court proceeded on the petition was legally erroneous. Thank you. And as I indicated as well, we believe the district court also erred on its order denying effectively the motion to leave to amend by not addressing it. And we believe that the work should vacate and remand. So the district court can consider the petition anew under the proper framework and that's the relief we see. That's it. I don't have any further questions. All right. Thank you, counsel. Thank you, counsel. And we'll hear from Ms. Jones. Good morning. My name is Shannon Jones of the United States. I was the attorney representing the government in the prior 2255 and formal notice was received. The petitioner argues that a defendant who waits until she's no longer in custody may obtain relief from the finality of her conviction with a less rigorous showing than required for 2255 petitions and successive 2255 petitions. Form notice should not be reused to re-relate matters which were previously raised in a prior 2255 motion. In light of the 2255 petition, whose procedures have been applied by analogies of formal notice petitions, the district court should be permitted to reject factual assertions in a petition that are contemplated by the underlying record. The cases cited by McTexas do not support the position that just the civil pleading will apply in these situations. Even the cases that she's cited, they apply formal notice procedures by analogy, I'm sorry, they apply 2255 procedures by analogy to formal notice petitions. In this case, County McTexas pleaded guilty in 2015. She raised her ineffective assistance of counsel claims in a 2255 motion. That was fully negated in front of the district court. There was a residential hearing for both Ms. McTexas and her former counsel testified before the district court judge. At the conclusion of that proceeding, the district court concluded that their counsel was not ineffective and she was not entitled to a 2255 motion. Again, she comes forward again with this formal notice petition seeking to re-litigate basically that same argument that her counsel was ineffective and had counsel performed the way she thinks it should have if she would not have pleaded guilty. The district court properly applied a correct legal standard in determining that Ms. McTexas did not meet any of the pre-required requirements that we told her to fulfill. She did not show that there were certain effects that warrant a full court order for her to be issued justice. The evidence that she cited is not new. She talks about bank transfers that happened in 2009, several years before she pled guilty, several years before she raised her 2255. A number of the evidence that she claims was new in her formal notice petition is available attached to her 2255 petition or was available in the record. There are no sound reasons for her not to have raised those claims to the extent she didn't already do so in the 2255 motion. And again, as the government's argument, she has not shown that she continues to suffer the legal consequences that would nominate her by the granting of the writ. Ms. McTexas' argument is that the district court is required to consider a formal notice petition and adapt them without looking at any of the prior proceedings and the underlying reference is not consistent with the law and it would basically undermine the whole point of formal notice relief, which is supposed to be an extraordinary remedy, not something that's available to defendants of a matter of course. If there are no other questions, I don't... Was any consideration given to the amendment motion? It's not clear from the record that the district judge did do that, but the government did address it. If it's not in the record, why don't we assume that... Don't we have to assume that the court didn't consider it? Well, the civil rules... Even assuming the civil rules apply, which they do not, the petitioner didn't comply with those rules. They did not seek to amend the petition within 15 days. They did not seek to relieve the court. They did not seek permission from the government. And it wouldn't have been in the interest of justice in any event to let her amend her petition to add these three sentences that are complicated by the record, where she had already said in 2015 when she repeated the sentence, I'm too sick, I'm too ill, I will never work again, as it is in the court's exercise of leniency to tell me what sentence to give to me. If the petition would have failed on the other two prongs, would the amendment have been futile anyway? Yes. And just to circle back, there's this second count, this perjury count that the district court mentions that... That was count three. Count three, sorry, right, because two of them are... It's conspiracy to bank fraud, substantive bank fraud, and perjury. And I take it as part of the plea agreement that was dismissed, but the usual language in the plea agreement says that any statute of limitations is told. So if she were to succeed on this Corp Novus petition, would the perjury charge be reinstatable? That's one of the things the district court says, that she's not talking about the perjury count is one of the district court's points. I'm not sure that's the answer to that. I do think that the district court was very skeptical of the claims that the petitioner made, having listened to her testify during the evidentiary hearing, and listening to the judge's counsel. And frankly, they did an excellent job in terms of getting her a pretty good result here. She's likely to be among the first. There was a lot of discrepancy. She always went for the second window, but maybe Novus was going to stay against her. She managed to negotiate a plea account that was half her sentence at five years, as compared to the other two counts, and had negotiated guidelines range that was pretty favorable to her. And she got a very judgeable rule guideline sentence when she was actually sentenced. So I think that having her go through the process and her former counsel testify, I think the district court was, I think, very clear that she received effective assistance from counsel and that there was no merit to her claims that she did not. All right. Thank you, counsel. Thank you.